IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jeffrey William Crouchman, | C/A. No. 9:16-1762-CMC-BM |
| Plaintiff | |
| v. | |
| Southern Health Partners, Sheriff Rick Clark, Dr. Sellman, Nurse Denise Pipes, Nurse NFN Lori and NFN Bree, | Opinion and Order |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by denying him mental health treatment and access to a grievance procedure at Pickens County Detention Center while he was a pretrial detainee. ECF No. 1. On November 28, 2016, Plaintiff entered a request for default as to Defendant Clark (ECF No. 23), who had not filed a responsive pleading, and the Clerk entered default as to this defendant (ECF No. 24). Plaintiff also filed a motion for default judgment as to Defendant Clark. ECF No. 25. Defendant Clark filed a motion to set aside default the next day. ECF No. 27. Plaintiff filed a response in opposition on December 6, 2016. ECF No. 35. Defendant Clark filed a reply on January 3, 2017. ECF No. 36.

On December 1, 2016, Defendant Bree filed a motion for summary judgment. ECF No. 28. A *Roseboro* Order was mailed to Plaintiff on December 2, 2016, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 29. On December 5, Defendants Lori, Pipes, Sellman, and Southern Health Partners filed a motion for summary judgment. ECF No. 31. A second *Roseboro* order was mailed to Plaintiff on

December 6, 2016. ECF No. 32. Defendant Clark filed a motion to dismiss for lack of jurisdiction and failure to state a claim on December 6, 2016. ECF No. 34. Plaintiff filed a motion for extension of time to respond to the motions for summary judgment and for lack of jurisdiction/failure to state a claim on January 11, 2017. ECF No. 37. Although this was granted, Plaintiff filed no response.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On January 31, 2017, the Magistrate Judge issued a Report recommending that Defendant Clark's motion to set aside default be granted, Plaintiff's motion for entry of default judgment be denied, Defendants' summary judgment motions be granted and Defendant Clark's motion to dismiss be deemed moot. ECF No. 41. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired, and Plaintiff's copy of the Report has not been returned to the court.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific

---

[1] Plaintiff did file a notice of change of address on January 19, 2017. ECF No. 40.

[2] Plaintiff has now been released from custody. He submitted an address change to the court in advance of the filing of the Report. The Report was sent to that new address and was not returned.

objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the complaint, the motions and any responses, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error in the Report's reasoning.  Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference, except to the extent it converts Defendant Clark's motion to dismiss (ECF No. 34) to a motion for summary judgment.[3]

Defendant Clark was never properly served; therefore, the court does not have personal jurisdiction over him.  The summons executed as to Defendant Clark filed in the record shows that Lt. Kristie Leopard was the individual served with process at Pickens County Jail.  ECF No. 14.  As Plaintiff did not file a response to Defendant Clark's motion to dismiss or objections to the Report, the court has no basis from which to determine if Plaintiff served Defendant Clark, either in his official capacity as Sheriff of Pickens County or in his individual capacity.  *See*

---

[3] When a motion to dismiss is converted to a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).  A 'reasonable opportunity' requires that all parties be given an indication by the court that it intends to treat the motion as one for summary judgment, "with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery."  *Id.*

3

*Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) ("When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence. . . . when, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge.")  Plaintiff has failed to carry his burden.  Therefore, proper service was not effectuated as to Defendant Clark.  The court finds that Defendant Clark's motion to dismiss for lack of jurisdiction should be granted.

Defendant Clark's motion to set aside entry of default is granted, Plaintiff's motion for entry of default judgment is denied, Defendants Bree, Lori, Pipes, Sellman, and Southern Health Partners' motions for summary judgment are granted, and those defendants are **dismissed with prejudice**.  Defendant Clark's motion to dismiss for lack of jurisdiction is granted, and he is **dismissed without prejudice**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 17, 2017